Filed 2/20/26  P. v. Mercado CA6
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL PATRICK MERCADO,<br><br>    Defendant and Appellant. | H046930<br>(Santa Clara County<br> Super. Ct. No. C1776749) |

This case is before us for a second time, after transfer from the California Supreme Court for reconsideration in light of that court's opinion in *People v. Fletcher* (2025) 18 Cal.5th 576.  A jury found defendant Daniel Mercado guilty of five armed robberies, assault with a firearm, and multiple instances of being a felon in possession of a firearm. He contends the evidence is insufficient to support the assault conviction and most of the firearm possession counts.  He also contends the jury was incorrectly instructed on the elements of assault and was allowed to consider inadmissible testimony from two witnesses.  Finally, he asserts the case must be remanded for resentencing based on new legislation that was enacted after he was sentenced and is applicable retroactively.

As we did in our previous opinion, we will reverse the judgment and vacate three firearm possession convictions not supported by substantial evidence.  We will also remand for resentencing under current law.  This opinion differs from the previous opinion in one notable respect.  The previous opinion rejected defendant's contention that his sentence in this case could not be increased based on a 2012 conviction for assault

committed to benefit a criminal street gang (a serious felony) because legislation enacted after his sentencing added several elements to the gang enhancement statute and, if the current standard is applied to his 2012 conviction, the evidence is insufficient to prove the new elements. In light of *Fletcher*, the parties now correctly agree that the strike finding and prior serious felony enhancement based on defendant's 2012 conviction must be vacated.

## I.    BACKGROUND

Defendant committed a string of convenience store robberies in September and October 2017. On a Saturday night in September, he and a man named Anthony Garcia, both carrying guns, entered a 7-Eleven store in San Jose around 2:00 a.m. and ordered the clerk to open the cash register. They fled with over $300. An hour and a half later they robbed another 7-Eleven store in essentially the same way, taking another $400 to $500. The following month, defendant and a man named Derek Cornell robbed two more 7-Eleven stores at gunpoint. Then they robbed a liquor store. All five robberies were captured on video by security cameras.

Earlier in October, defendant and Cornell were in an altercation with two men in a liquor store parking lot. Defendant drew a gun and pointed it at the men, chasing after them as they ran away. That part of the confrontation was recorded by a security camera. Out of frame, two shots were fired and the bullets shattered the window of a nearby hair salon, striking an interior wall next to where one of the hairstylists was standing.

Police identified defendant as one of the robbers by comparing images from the security camera footage with photos from defendant's social media profile, and they located him in San Jose on October 31, 2017. As police approached, defendant ran, tossing a gun into a nearby yard. Officers retrieved the gun, which looked like the one used in the convenience store robberies. Forensic testing later confirmed it was the gun that fired the bullets into the hair salon.

2

Defendant and Anthony Garcia were tried jointly. (Derek Cornell was initially joined as a codefendant, but his case was severed when proceedings were suspended to determine his competency to stand trial.) The jury convicted defendant of five counts of robbery (Pen. Code, §§ 211, 212.5, subd. (c)), one count of assault with a firearm (Pen. Code, § 245, subd. (a)(2)), and found true special allegations that he personally used a firearm in committing each offense. It also convicted defendant of four counts of possessing a firearm as a felon (Pen. Code, § 29800, subd. (a)), and one count of possessing ammunition as a felon (Pen. Code, § 30305, subd. (a)(1)). In a bifurcated proceeding, the court found true that defendant has two prior convictions resulting in prison terms and a prior serious felony conviction. (Pen. Code, §§ 667, subd. (b); 667.5, subd. (a).) The court imposed an aggregate prison term of 45 years, eight months.

## II. DISCUSSION

### A. SUFFICIENCY OF EVIDENCE

Defendant contends the evidence is insufficient to support three of the four charged counts of being a felon in possession of a firearm because he possessed the same gun continuously and can therefore be convicted of only one count. As the Attorney General concedes, the evidence shows a single continuing offense without the interruption in possession necessary for separate crimes. (See *People v. Mason* (2014) 232 Cal.App.4th 355, 365.) (Indeed, to help prove identity of the perpetrator, the prosecutor relied on the fact that the same gun was used in all the offenses.) We will therefore reverse the judgment and order all but one firearm possession conviction vacated.

Defendant also contends the evidence is insufficient to convict him of assault with a firearm because there is no evidence he was aware the shots he fired would likely result in force being applied to the two men he chased after the parking lot altercation. Here we are mindful of the deferential standard we must apply where sufficiency of the evidence is challenged. We review the record in the light most favorable to the judgment for

3

evidence from which a rational trier of fact could find the elements of the crime established beyond a reasonable doubt. (*People v. Tripp* (2007) 151 Cal.App.4th 951, 955.) We presume the existence of every fact in favor of conviction that the jury could reasonably infer. (*People v. Medina* (2009) 46 Cal.4th 913, 919.) And to overturn a conviction, "it must clearly appear that upon no hypothesis whatever is there sufficient substantial evidence to support it." (*People v. Redmond* (1969) 71 Cal.2d 745, 755.)

Assault is committed when a person does something knowing it will likely result in physical force being applied to another. (See *People v. Williams* (2001) 26 Cal.4th 779, 788; *People v. Chance* (2008) 44 Cal.4th 1164, 1169.) Defendant argues the evidence does not establish he knew the two shots he fired would likely cause harm to the victims. He points to the partial video of the encounter, which shows him chasing the men in the direction away from the hair salon where the bullets were recovered. Because the video does not reveal where he was standing or where the victims were when the shots were fired, defendant argues the jury should have found the evidence inadequate to prove he was firing toward the victims or in any manner likely to physically harm them.

We acknowledge the logic of defendant's argument, but conclude the jury rationally could infer from footage of defendant chasing the men while pointing a gun at them that the shots fired from that gun moments later were fired toward those men, including the further inference that they changed direction at some point while fleeing. Applying our deferential standard of review, we find sufficient evidence supports the jury's decision to convict defendant of assault with a firearm.

**B. ADMISSIBILITY OF EVIDENCE**

### 1. Opinion Testimony Identifying Defendant in the Videos

Defendant contends the trial court improperly allowed a police officer to testify about the identity of the perpetrators shown in the videos of the convenience store robberies and the shooting. The officer testified that one of the people shown in the videos appeared in photographs on defendant's social media account, and she recognized

4

the person in the photographs as defendant. The officer explained she reached that conclusion based on both the person's physical characteristics and certain articles of clothing (shoes and a hat) worn in the videos and the social media photographs. Defendant argues the testimony is inadmissible because the officer did not have adequate personal knowledge regarding defendant's appearance. We review the decision to allow the testimony for abuse of discretion. (*People v. Virgil* (2011) 51 Cal.4th 1210, 1253.)

The identity of an individual seen in photographic evidence is an appropriate subject for lay opinion testimony and is properly admitted if the witness's opinion is predicated on " 'contacts with defendant, their awareness of his physical characteristics on the day of the robbery, and their perception of the film taken of the events.' " (*People v. Leon* (2015) 61 Cal.4th 569, 601, citing *People v. Perry* (1976) 60 Cal.App.3d 608, 613.) It is irrelevant whether the witness's contact with the defendant was before or after the crimes were committed. (*Leon*, at p. 601.) Questions about familiarity with the defendant's appearance go to the weight of the testimony not its admissibility. (*Ibid*.) Accordingly, "decisions have long upheld admission of testimony identifying defendants in surveillance footage or photographs." (*Ibid*.) The testimony here was adequately supported by the requisite awareness of defendant's physical characteristics and was based on the officer's perception of the images. We see no abuse of discretion in allowing the testimony.

### 2. Testimony About Gunshots and Bullet Holes in the Salon

Defendant contends the trial court improperly admitted testimony from a hairstylist who worked at the salon that was struck by bullets. The stylist first described hearing gunshots and seeing the front window shattered and bullet holes in the wall. She then testified that she was hit by broken glass, that a bullet hole in the wall was close to where her head had been, that she felt frightened, and that police told her the bullet would have gone into her head had she not ducked. Defendant argues the later, more descriptive, testimony is inadmissible because it is not relevant and, alternatively, that its

5

probative value is outweighed by its prejudicial effect. A trial court has broad discretion to decide what evidence is relevant and to assess whether undue prejudice significantly outweighs probative value. (*People v. Merriman* (2014) 60 Cal.4th 1, 82.) We review such a decision for abuse of discretion. (*Ibid*.)

Part of a trial court's broad discretion to determine relevancy and weigh prejudice is the ability to permit background information that can help a jury understand the circumstances surrounding the relevant event. (See *People v. Edwards* (1991) 54 Cal.3d 787, 818, overruled on unrelated grounds as stated in *People v. McDaniel* (2021) 12 Cal.5th 97, 138.) The trial court was not required to sanitize the hairstylist's testimony to the extent requested by defendant, who asserts she should have been limited to merely stating she saw glass shatter and later found bullet holes in the wall. The decision to allow the more emotional description merely included a "slight touch of humanity" in the narrative and was not an abuse of discretion. (*Edwards*, at p. 818.)

## C. JURY INSTRUCTIONS

Defendant contends the trial court improperly instructed the jury on the offense of assault with a firearm because the instruction allowed the jury to convict him without finding every element of the offense beyond a reasonable doubt. In reviewing the propriety of jury instructions, we evaluate whether there is a reasonable likelihood that the jury applied the challenged instruction in a manner contrary to law. (*People v. Young* (2005) 34 Cal.4th 1149, 1202.) We consider the instruction in the context of the entire record, including the arguments of counsel, as instructional ambiguity can be clarified through closing argument. (*Ibid.*)

Defendant asserts the assault instruction was flawed because it states the prosecution must prove application of force to "a person" and the jury could find defendant guilty if he knew his conduct was likely to result in force to "someone." In defendant's view, given that he was alleged to have assaulted the two men he was

chasing in the parking lot, the nonspecific language regarding victim identity allowed the jury to find him guilty without finding it was those particular men he assaulted.

Reading the instruction in the context of this record, we see no reasonable likelihood of juror confusion. We note at the outset that trial counsel did not object to the instruction as given nor suggest that clarification was necessary, which undercuts the assertion that the instruction is as confusing as defendant now suggests. (See *People v. Young*, *supra*, 34 Cal.4th 1149, 1203.) And more importantly, arguments of counsel sufficiently clarified the point. The prosecution proceeded on the theory that the victims of the assault were the two men being chased in the parking lot (identified in the charging documents as "John Does"). That is precisely what the prosecutor argued to the jury: "He's firing at the people that he pulled out the gun and chased across the street. They came looking for a fight. There is no question. They are coming down that alley, coming to that liquor store, and Mr. Mercado repeatedly checks that he has his gun with him … . The evidence is that he was shooting at people. We don't know their names. We don't have to. They're alleged in the complaint as 'John Doe.' " The prosecutor's closing argument dispelled the potential for juror confusion, and we find no instructional error.

### D. PROSECUTION STATEMENTS IN CLOSING ARGUMENT

Defendant contends the prosecutor misstated the law during closing argument by saying that a warning shot is enough to constitute assault with a firearm. The statement was made in the prosecutor's rebuttal argument, after defense counsel argued the shots fired by defendant in the parking lot could have been warning shots, not intended to strike anyone, and therefore could not be an assault. In response to that argument, the prosecutor told the jury a warning shot "is an assault that is likely to produce an impact. When you shoot a warning shoot [*sic*], you are very likely to hit someone. [¶] There's nothing in [the instructions] that ... says a warning shot is a defense to count 3. It's not. It is inherently dangerous to human life, and it is a violation of Penal Code section 245."

A prosecutor has wide latitude to argue the case during closing and is free to suggest inferences and deductions the jury should draw from the evidence. (*People v. Wharton* (1991) 53 Cal.3d 522, 567.) The gist of the rebuttal argument here was that the jury should not acquit merely because the shots could have been intended as warning shots, since any shots fired in the direction of a person—whether as a warning or not—are likely to cause harm. The challenged statements raised a fair point in response to the defense argument for acquittal, and it was not error for the trial court to overrule defendant's objection to that portion of the closing argument.

## E. APPLICATION OF NEW SENTENCING LAWS

### 1. Presumptive Low Term Where Offender's Youth a Factor

The trial court imposed the middle term of six years for the robbery designated as the principal offense for sentencing purposes. After defendant was sentenced, Assembly Bill No. 124 was enacted which amended Penal Code section 1170, subdivision (b) to create a presumption in favor of the low term under certain circumstances, including where the defendant was under age 26 at the time of the offense and youth was a contributing factor in the offense. (See Pen. Code, § 1170, subd. (b)(6).) Because that new provision is ameliorative, it applies retroactively to this nonfinal judgment. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

The Attorney General does not dispute defendant was under 26 at the time of the offenses but argues resentencing is not required because there is no evidence youth was a contributing factor and the aggravating factors found by the court outweigh the mitigating factors such that the court would not have imposed the low term in any event. But when a court has imposed a sentence while unaware of the extent of its discretion—in this case because the legislation was not yet in effect—resentencing is required unless the record clearly indicates the court would have imposed the same sentence under the new standard. (*People v. Gerson* (2022) 80 Cal.App.5th 1067, 1096.) The new legislation

8

potentially constrained the scope of the trial court's authority, not merely permitting the low term in certain situations but mandating it.

This record does not clearly indicate the trial court would have imposed the same sentence under the new law. We are not persuaded that a lack of evidence showing youth contributed to the offense obviates the need for remand, as before the enactment of the new law, counsel may have had less incentive to present mitigation on the point, and defendant should now be allowed the opportunity to do so. (See *People v. Gerson*, *supra*, 80 Cal.App.5th at p. 1096.)

## 2. Strike Finding and Enhancement for Prior Serious Felony

Defendant's sentence was increased based on the finding that he was convicted in 2012 of a serious felony. The prior conviction is for assault under former Penal Code section 245, subdivision (a)(1), which qualified as a prior serious felony because it was found to have been committed to benefit a criminal street gang under the version of Penal Code section 186.22 then in effect. Defendant contends the strike finding and prior serious felony enhancement must be vacated because legislation enacted after his sentencing (Assembly Bill No. 333) added several elements to the gang enhancement statute and, if the current standard is applied to his 2012 conviction, the evidence in the record is insufficient to prove the new elements. The Attorney General agrees.

In *People v. Fletcher*, *supra*, 18 Cal.5th at p. 583, the California Supreme Court held that "where a defendant has suffered a conviction under the prior version of [Penal Code] section 186.22, Assembly Bill 333 applies to the determination of whether the conviction qualifies as a prior serious felony conviction under subdivision (c)(28) of [Penal Code] section 1192.7 for purposes of the Three Strikes law and prior serious felony enhancements." The Supreme Court thus directed the Court of Appeal to remand the matter to the trial court for possible retrial of whether the defendants' prior convictions for active participation in a criminal street gang qualified as serious felonies under the Three Strikes law, applying the version of Penal Code section 186.22 as

9

amended by Assembly Bill No. 333. (*Fletcher*, at p. 608.) The parties agree that here, the record does not demonstrate that defendant's 2012 conviction would be subject to a gang enhancement under amended section 186.22 or otherwise qualify as a serious felony. We will therefore remand for possible retrial as contemplated in *Fletcher*, or for resentencing without an increase to defendant's sentence based on a prior serious felony conviction.

### 3. Enhancements for Prior Prison Terms

Applying the version of Penal Code section 667.5 in effect at the time of defendant's sentencing in 2019, the trial court imposed and stayed two one-year enhancements for prior prison terms. The offenses for which defendant served the prior prison terms are assault with force likely to cause great bodily injury and being a felon in possession of a firearm. Effective January 1, 2020, Penal Code section 667.5 was amended to limit prior prison term enhancements to sentences that were served for sexually violent offenses as defined in Welfare and Institutions Code section 6600, subdivision (b). (Senate Bill No. 136 (2019–2020 Reg. Sess.); Stats. 2019, ch. 590, § 1.) The Attorney General concedes the amendment applies retroactively and requires the prior prison term enhancements to be vacated because they were not based on sexually violent offenses. We will remand the case for resentencing under the current standards.

### 4. Application of Amended Penal Code Section 1385

Defendant correctly notes that effective January 1, 2022, Senate Bill No. 81 amended Penal Code section 1385 to limit sentencing enhancements by requiring that "great weight" be given to evidence of certain mitigating circumstances. (Pen. Code, § 1385, subd. (c)(2).) By its terms, amended Penal Code section 1385 applies to all sentencings after January 1, 2022, which will include defendant's resentencing. (See Pen. Code, § 1385, subd. (c)(7) ["This subdivision shall apply to all sentencings occurring after January 1, 2022."].)

10

### 5. The Term for Ammunition Possession Must Be Stayed

The Attorney General points out that the trial court imposed a concurrent prison term for possessing ammunition, which should have been stayed under Penal Code section 654 because the ammunition offense is based on the same conduct as unlawfully possessing a firearm, for which the court also imposed a prison term. Defendant agrees the ammunition possession term should have been stayed. When resentencing defendant, the trial court shall apply Penal Code section 654 to stay any prison terms arising from conduct for which punishment is otherwise imposed.

## III.  DISPOSITION

The judgment is reversed. All but one conviction for violating Penal Code section 29800, subdivision (a) are vacated. Defendant's other convictions shall remain. The finding that defendant was convicted of a prior serious felony and the corresponding prior serious felony enhancement are vacated. The matter is remanded to the trial court with directions to resentence defendant under current law. Defendant may be retried on the allegation that he was convicted of a prior serious felony.

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Danner, J.

H046930
*People v Mercado*